UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RENE MICHELI,<br><br>Plaintiff<br><br>v.<br><br>TECHTRONIC INDUSTRIES CO., LTD., TECHTRONIC INDUSTRIES NORTH AMERICA, INC., ONE WORLD TECHNOLOGIES, INC., RYOBI TECHNOLOGIES, INC., and HOME DEPOT U.S.A., INC.,<br><br>Defendants | CIVIL ACTION NO.: |

**COMPLAINT AND JURY DEMAND**

Plaintiff Rene Micheli ("Plaintiff"), by the undersigned attorneys, as and for his Complaint herein alleges as follows:

**PRELIMINARY STATEMENT**

1. This is an action for damages arising from the severe and disfiguring personal injuries suffered by Plaintiff while operating a table saw manufactured, sold and distributed by defendants Techtronic Industries Co., Ltd. ("TTI"), Techtronic Industries North America, Inc. ("TTI-NA"), One World Technologies, Inc. ("One World") and Ryobi Technologies, Inc. ("Ryobi") (collectively, the "Manufacturer Defendants") and sold and distributed by defendant Home Depot U.S.A., Inc. ("Home Depot") (collectively, "Defendants").

## PARTIES

2.  The Plaintiff, Rene Micheli, is an individual who resides at 176 Grampian Way, Dorchester, MA 02125.

3.  Upon information and belief, TTI is a Hong Kong corporation, maintaining its principal place of business at 24/F, CDW Building, 388 Castle Peak Road, Tsuen Wan, New Territories, Hong Kong. TTI is a large, multi-national corporation that sells power tools and other consumer products throughout the world. TTI has the exclusive right to market power tools under the Ryobi name in the United States, Europe and Australia and New Zealand. Operating through a variety of wholly-owned American subsidiaries, TTI does substantial business in the United States

4.  Upon information and belief, TTI-NA is a Delaware corporation, maintaining its principle place of business at 1428 Pearman Dairy Road, Anderson, South Carolina. TTI-NA is a wholly-owned subsidiary of TTI through which TTI manufactures, distributes and sells power tools under the Ryobi name.

5.  Upon information and belief One World is a Delaware corporation, maintaining its principal place of business at 1428 Pearman Dairy Road, Anderson, South Carolina. One World is a wholly-owned subsidiary of TTI and/or TTI-NA and manufactures, distributes and sells power tools under the Ryobi name.

6.  Upon information and belief, Ryobi is a Delaware corporation, maintaining its principal place of business at 1428 Pearman Dairy Road, Anderson, South Carolina. Ryobi is a wholly-owned subsidiary of TTI, TTI-NA and/or One World and manufactures, distributes and sells power tools under the Ryobi name.

7. Upon information and belief, Home Depot is a Delaware corporation, maintaining its principal place of business at 2455 Paces Ferry Road, Atlanta, Georgia. Home Depot has named CT Corporation System of 101 Federal Street, Boston, Massachusetts as its registered agent for service of process in the Commonwealth of Massachusetts.

## JURISDICTION & VENUE

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) in that it is an action between citizens of different states and the amount in controversy exceeds $75,000.

9. This Court has personal jurisdiction over the Defendants because Plaintiff's claims arise from the Defendants':

   a. transacting business in the Commonwealth of Massachusetts;

   b. contracting to supply services or things in the Commonwealth of Massachusetts;

   c. causing tortious injury by an act or omission in the Commonwealth of Massachusetts; and/or

   d. causing tortious injury in the Commonwealth of Massachusetts by an act or omission outside of the Commonwealth of Massachusetts and regularly doing and soliciting business and engaging in other persistent courses of conduct, and deriving substantial revenue from goods used or consumed or services rendered in the Commonwealth of Massachusetts.

10. This Court also has personal jurisdiction over defendant Home Depot because Home Depot is authorized to do business, and is doing business, in the Commonwealth of Massachusetts.

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a)(1) in that all the defendants reside in this District, as that term is defined in § 1391(c) and pursuant to § 1391(a)(2), in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

## THE FACTS

12. Upon information and belief, on or about the 41st week of 2006, the Manufacturer Defendants were the designer, manufacturer, tester, supplier, seller, and/or distributor of a Ryobi 10-inch table saw, Model BTS10, Serial Number XX064156301 (hereinafter the "Ryobi Saw") and had distributed, supplied and/or sold the Ryobi Saw.

13. Upon information and belief, at some point prior to January, 2010, defendant Home Depot distributed or sold the Ryobi Saw.

14. The Ryobi Saw, along with all table saws designed, manufactured and sold by Defendants, contains a number of design and/or manufacturing defects that render it dangerous when used in ordinary and foreseeable ways. These defects include, but are not limited to the failure to equip the Ryobi Saw with a user-friendly blade guard, the failure to equip the Ryobi Saw with an independent riving knife, and the failure to equip the Ryobi Saw with a flesh-detection and braking technology.

15. The Defendants, as manufacturers of power saws have failed to utilize available safer technology in their saws.

16. The Ryobi Saw, like all table saws sold in the United States, is required to be sold with a blade guard. However, the blade guard on the Ryobi Saw is extremely difficult to use and it is necessary to remove it for certain cuts. Once removed, it is extremely difficult to reattach.

Thus, it is common practice for users of the Ryobi Saw to either assemble the saw without the guard or to remove the guard and leave it permanently off the machine when using the table saw. This widespread practice was well known by Defendants, yet Defendants made no effort to improve the design of the guard to make it more user friendly until required to do so by recent changes to industry-wide standards.

17. The Ryobi Saw also comes with a splitter or a spreader attached to the guard, which is designed to prevent "kickbacks" during cutting. A kickback is often the result of the saw blade being pinched by the wood as it is being cut. The back of the saw blade can cause the wood to jerk or kick back at high velocity into the user, causing the user's hands to land on the saw blade or to be pulled into the blade. Kickbacks, such as that which occurred here, are common and can cause catastrophic injuries.

18. Defendants designed the splitter or spreader on the Ryobi Saw to be attached directly to the guard so that, when the guard is removed, as it often is, no kickback protection is provided the user.

19. However, Defendants have known for several years that kickbacks can be substantially avoided by using a "riving knife" rather than a spreader. A riving knife is a small piece of metal that sits behind the blade and rises and falls with the blade. Even if the guard is removed, the riving knife remains in place, substantially reducing or eliminating kickbacks.

20. Riving knives have been used for decades in Europe and are required on all power table saws sold in Europe. Recently, riving knives have been included as necessary safety equipment pursuant to new industry-wide standards adopted in the United States.

21. The Ryobi Saw used herein did not include a riving knife.

22. The Ryobi Saw did not contain a warning that the removal of the all-in-one blade guard substantially increased the likelihood of kickback accidents.

23. Had Defendants employed this safer available technology on the Ryobi Saw, Plaintiff would not have been injured, or his injury would have been substantially reduced.

24. For years there has also been available technology that, for example, would stop a power saw blade almost instantly upon contact with human flesh, thereby avoiding the traumatic injury suffered by Plaintiff.

25. In or around November 2000, at a meeting of the Power Tool Institute, Inc. ("PTI"), of which One World is a member, the Manufacturer Defendants were made aware of a technology that detects when human flesh touches the saw blade, and once contact is detected, stops the saw blade almost instantly. At the time of the demonstration, the inventor of the flesh detection and breaking technology offered to make the technology available to the Manufacturer Defendants through a licensing agreement. The Manufacturer Defendants chose not to utilize this technology and instead joined with other table saw manufacturers through PTI to form a joint venture, ostensibly to develop their own flesh detection and breaking technology. Defendants, however, have continued to sell table saws without this available technology.

26. The Manufacturer Defendants, acting through PTI, have also actively lobbied the Consumer Product Safety Commission ("CPSC") to prevent the adoption of flesh detection systems as a safety standard on table saws.

27. The Defendants failed to pursue licensing and use of this available technology, or to implement any alternative technology or to mitigate or eliminate the effects of accidental blade contact with human flesh.

28. The Ryobi Saw does not incorporate flesh detection and breaking technology, or other comparable safety technology.

29. Had Defendants employed these safer available technologies on the Ryobi Saw, Plaintiff would not have been injured, or the severity of his injury would have been substantially reduced.

30. In addition, the Ryobi Saw was defective because the small size of the table top, and in particular the short distance between the leading edge of the table top and the front edge of the saw, required Plaintiff to place his hands dangerously close to the spinning saw blade while operating the saw, significantly increasing his risk of blade contact in the event of an accident.

31. Moreover, the Ryobi Saw was defective because the combination of low-quality materials and inadequate design caused it to vibrate excessively during operation, increasing the risk of accident.

32. Further, the Ryobi Saw was defective because the rip fence provided with the Ryobi Saw could easily be locked in place in a manner not parallel to the saw blade or be knocked out of parallel once locked in place, thus significantly increasing the risk of accident.

33. Had the Ryobi Saw not incorporated these design defects, Plaintiff would not have been injured, or the severity of his injury would have been substantially reduced.

34. On or about January 22, 2010, Plaintiff, while in the course of his employment, was injured while using the Ryobi saw. At the time of the accident, Plaintiff was exercising all due care for his own safety.

## COUNT I

### (Negligence Against Manufacturer Defendants)

35.  The Plaintiff realleges and repeats each and every allegation contained in paragraphs 1 through 32 and incorporates each as if fully set forth herein.

36.  TTI, TTI-NA, One World and/or Ryobi were negligent with respect to the designing, manufacturing, testing, inspecting, distributing and selling of the Ryobi Saw and were negligent with respect to equipping the Ryobi Saw with adequate safeguards, warnings and/or instructions.

37.  As the direct and proximate result of TTI's, TTI-NA's, One World's and/or Ryobi's said negligence, the Plaintiff sustained severe and permanent physical injury, suffered great pain of body and anguish of mind, required extensive hospital and medical care and treatment, incurred medical expenses, lost time from work; and his ability to engage in normal and usual activities has been adversely affected.

## COUNT II

### (Implied Warranty Against Manufacturer Defendants)

38.  The Plaintiff realleges and repeats each and every allegation contained in paragraphs 1 through 35 and incorporates each as if fully set forth herein.

39.  TTI, TTI-NA, One World and/or Ryobi impliedly warranted pursuant to Mass. Gen. Law c. 106, §2-314 to Plaintiff that the Ryobi Saw and its component parts were merchantable, safe and fit for ordinary purposes. TTI, TTI-NA, One World and Ryobi are merchants with respect to goods of the kind involved in the accident. The product, component parts of the product and the product warnings and instructions were defective, and therefore the

product was not, in fact, merchantable, safe and fit as warranted by TTI, TTI-NA, One World and/or Ryobi. TTI, TTI-NA, One World and/or Ryobi therefore breached these warranties to the Plaintiff.

40. As the direct and proximate result of TTI's, TTI-NA's, One World's and/or Ryobi's said breach of warranty, the Plaintiff sustained severe and permanent physical injury, suffered great pain of body and anguish of mind, required extensive hospital and medical care and treatment, incurred medical expenses, lost time from work; and his ability to engage in normal and usual activities has been adversely affected.

## COUNT III

### (Strict Liability Against Manufacturer Defendants)

41. The Plaintiff realleges and repeats each and every allegation contained in paragraphs 1 through 38 and incorporates each as if fully set forth herein.

42. TTI, TTI-NA, One World and/or Ryobi placed the Ryobi Saw that injured Plaintiff on the market, knowing that it would be used without inspection for defect.

43. The Ryobi Saw that was placed on the market by TTI, TTI-NA, One World and/or Ryobi and which injured Plaintiff was defective.

44. The defect in the Ryobi Saw caused Plaintiff's injury, causing Plaintiff to sustain severe and permanent physical injury and great pain of body and mind, to require extensive hospital and medical care and treatment and medical expenses, and to suffer lost time from work, and impaired his ability to engage in normal and usual activities.

## COUNT IV

### (Negligence Against Home Depot)

45. The Plaintiff realleges and repeats each and every allegation contained in paragraphs 1 through 42 and incorporates each as if fully set forth herein.

46. Home Depot was negligent with respect to the designing, manufacturing, testing, inspecting, distributing and selling of the Ryobi Saw and was negligent with respect to equipping the Ryobi Saw with adequate safeguards, warnings and/or instructions.

47. As the direct and proximate result of Home Depot's said negligence, the Plaintiff sustained severe and permanent physical injury, suffered great pain of body and anguish of mind, required extensive hospital and medical care and treatment, incurred medical expenses, lost time from work; and his ability to engage in normal and usual activities has been adversely affected.

## COUNT V

### (Implied Warranty Against Home Depot)

48. The Plaintiff realleges and repeats each and every allegation contained in paragraphs 1 through 45 and incorporates each as if fully set forth herein.

49. Home Depot impliedly warranted pursuant to Mass. Gen. Law c. 106, §2-314 to Plaintiff that the Ryobi Saw and its component parts were merchantable, safe and fit for ordinary purposes. merchant with respect to goods of the kind involved in the accident. The product, component parts of the product and the product warnings and instructions were defective, and therefore the product was not, in fact, merchantable, safe and fit as warranted by Home Depot. Home Depot therefore breached these warranties to the Plaintiff.

50. As the direct and proximate result of Home Depot's said breach of warranty, the Plaintiff sustained severe and permanent physical injury, suffered great pain of body and anguish of mind, required extensive hospital and medical care and treatment, incurred medical expenses, lost time from work; and his ability to engage in normal and usual activities has been adversely affected.

## COUNT VI

### (Strict Liability Against Home Depot)

51. The Plaintiff realleges and repeats each and every allegation contained in paragraphs 1 through 48 and incorporates each as if fully set forth herein.

52. Home Depot placed the Ryobi Saw that injured Plaintiff on the market, knowing that it would be used without inspection for defect.

53. The Ryobi Saw that was placed on the market by Home Depot and which injured Plaintiff was defective.

54. The defect in the Ryobi Saw caused Plaintiff's injury, causing Plaintiff to sustain severe and permanent physical injury and great pain of body and mind, to require extensive hospital and medical care and treatment and medical expenses, and to suffer lost time from work, and impaired his ability to engage in normal and usual activities.

WHEREFORE, the Plaintiff demands judgment against the defendants, TTI, TTI-NA, One World, Ryobi Home Depot, in an amount sufficient to compensate him for his losses and damages, together with interest and costs.

**THE PLAINTIFF CLAIMS TRIAL BY JURY**

Dated: March 24, 2011

Respectfully submitted,

**SULLIVAN & SULLIVAN, LLP**

*/s/ Richard Sullivan*

Richard J. Sullivan
BBO No. 554085
40 Washington Street
Wellesley, Massachusetts 02481
Ph: 781-263-9400

**Williams & Mahoney, LLC**
David M. Williams
900 Cummings Center, Suite 306-T
Beverly, Massachusetts 01915-6177

**Boies, Schiller & Flexner LLP**
George F. Carpinello
10 North Pearl Street, 4th Floor
Albany, New York 12207
Ph: 518-434-0600

*Attorneys for Plaintiff*