UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| RENE MICHELI, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 11-10503-NMG |
| TECHTRONIC INDUSTRIES, CO, LTD., et al., | ) ) ) ) | |
| Defendants. | ) ) | |

ORDER ON MOTION TO COMPEL

April 11, 2012

SOROKIN, C.M.J.

Pursuant to Federal Rule of Civil Procedure 37(a)(3)(B)(i), Defendants have filed a motion to compel Plaintiff to answer deposition questions. Docket #30. Defendants also seek an award of costs and attorneys fees for obtaining the requested relief pursuant to Federal Rule of Civil Procedure 37(a)(5).

Plaintiff filed the instant action on March 24, 2011, seeking damages arising from personal injuries suffered by Plaintiff while operating a table saw manufactured, sold, and distributed by Defendants. Docket #1. Plaintiff also sought damages for mental suffering and lost wages. Id. Plaintiff was deposed on February 3, 2012. Docket #31 at 2. A day prior to his deposition, Plaintiff's counsel advised Defendants that Plaintiff was not seeking compensation for lost wages or diminished earning capacity. Id. at 4. At his deposition, Plaintiff testified that Stan Downer, an acquaintance of his, asked Plaintiff to install a window in the kitchen of his home. Id. at 8-12.

While installing the window, Plaintiff suffered the subject injury.  Id. at 14.  Plaintiff testified that he was working for himself on the day of his accident and that Downer was going to pay him for performing this work.  Id. at 10.

Defense counsel questioned Plaintiff as to how much Downer was to pay him and whether Plaintiff was paid for the job.  Id. at 10, 13.  Plaintiff's counsel instructed his client not to answer.  Id.  Plaintiff's counsel also refused to allow Plaintiff to answer questions concerning whether he received W-2s from his employer and whether he filed tax returns.  Id. at 4, 6-7.

Plaintiff's counsel objected to each of these requests on the basis of relevancy.  Id. at 4, 10, 13.  Plaintiff's counsel stated:

> The basis is, we have, as you received yesterday, we have Supplementary Answers to Interrogatories and stated that Mr. Micheli is waiving any claims to past, present, future lost wages or lost earning capacity.
>
> So any questions regarding how he was paid, how much he was paid are completely irrelevant.  I will instruct him not to answer any questions on that subject.

Id. at 4.

Defendants assert that the information they seek is relevant to the subject matter of the action and therefore within the proper scope of discovery.  Docket #31 at 5.  Specifically, Defendants state that the two questions pertaining to the arrangement between Plaintiff and Downer concerning the work Plaintiff performed at Downer's house were improperly objected to by Plaintiff's counsel because it was inappropriate to allow Plaintiff to testify concerning a portion of his agreement with Downer and not the entire agreement.  Id.  Defendants also argue that they need to obtain these answers for impeachment purposes in case Plaintiff's testimony varies from that of other witnesses.  Id.  Defendants assert that the information concerning whether Plaintiff filed tax returns is relevant to assess Plaintiff's credibility and character.  Id. at 5-6.

Plaintiff asserts that the information sought by Defendants is not relevant because Plaintiff has dropped any wage claims in the action. Docket #34 at 3. Plaintiff argues that Defendants' justifications do not make the information sought relevant and that both goals of Defendants are improper as any testimony about Plaintiff's wages or taxes would be collateral to the issues in the litigation. Id. Plaintiff also states that Defendants' insistence on obtaining this information is in bad faith because in Osorio v. One World, No. 06-10725-NMG, in which Defendants had the same attorneys, Defendants raised a similar issue in pretrial motions. Id. at 4. In Osorio, Judge Gorton ruled at the final pretrial conference that "defendant is not to refer to the plaintiff's assertion of his Fifth Amendment right with respect to taxes unless and until that testimony is shown to be relevant to some other issue in the case." Docket #34-2 at 4.

Although Plaintiff hints that the information sought by Defendants may be privileged, Plaintiff never expressly invokes any privilege as a justification for failing to answer the subject questions. See Docket #34 at 2 ("In a meet-and-confer on March 22, 2012 with Defendants' attorneys, Plaintiff's attorneys again explained that Defendants' questions not only sought irrelevant information, but also raised issues identified by Plaintiff's attorneys as risking potentially dangerous disclosures by the Plaintiff."). The Court overrules Plaintiff's objection as to the questions seeking information about Plaintiff's financial relationship with Downer both because the proper course was to answer the question subject to the objection pursuant to Federal Rule of Civil Procedure 30(c)(2), but also because, in any event, the information is relevant at this stage as it may go towards credibility, bias, and the facts surrounding the circumstance of the accident giving rise to the instant lawsuit. See Whittingham v. Amherst Coll., 164 F.R.D. 124, 126 (D. Mass. 1995) (Neiman, M.J.) ("As a general matter, relevancy must be broadly construed at the discovery stage, that is,

information is discoverable if there is any possibility it might be relevant to the subject matter of the action."); Gagne v. Reddy, 104 F.R.D. 454, 456 (D. Mass. 1984) (Alexander, M.J.) (quoting Fed. R. Civ. P. 26(b)(1)) (holding that in order to grant defendants' motion to compel, they must show that the information sought "is relevant to the subject matter involved in the pending action ").

The questions regarding the existence of W-2s or the filing of tax returns by the Plaintiff, in this particular case, are not relevant and Defendants have failed to advance any meaningful explanation for their relevance.[1]  Indeed, to the contrary, in a similar essentially related case (Osorio), Judge Gorton ruled that a plaintiff's assertion of the Fifth Amendment in response to similar questions was not generally admissible.  While the proper course at the deposition was for the Plaintiff to answer the questions or the parties to defer the questions pending judicial intervention, the instruction not to answer is not a sufficient basis at this time to compel the Plaintiff to answer.

Accordingly, the Defendants' Motion to Compel is hereby ALLOWED IN PART AND DENIED IN PART as explained supra.  To the extent that the Court allows the motion, Defendants shall submit and Plaintiff shall respond in the form of written questions and answers, absent an agreement otherwise by the parties.  The parties conflicting demands for fees and costs are each DENIED.

                                                 /s / Leo T. Sorokin
                                             UNITED STATES MAGISTRATE JUDGE

---

[1] Discovery does not, in and of itself absent relevance, "entitle[ a party] to know whether these [W-2 and tax return] documents exist."  Docket #31 at 5.